```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RITA DIANE MCDANIEL                         CIVIL ACTION


v.                                          NO. 07-5575


THE HOME DEPOT U.S.A., INC AND              SECTION "F"
ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

On April 27, 2006, the plaintiff, Rita McDaniel, was injured while working as a security guard at the Home Depot in LaPlace, Louisiana. She sued Home Depot U.S.A., Inc. in the Parish of St. Charles on April 27, 2007, alleging that a stack of pallets fell on the left side of her body, injuring her left great toe, foot, ankle, knee, thigh, and back.[1] Her petition claims damages for pain

---

[1] Home Depot does not dispute the action is timely, because McDaniel originally filed a worker's compensation action against her employer, Securitas Security Services, U.S.A., Inc., on February 16, 2007, which interrupted the one-year statute of limitations against all defendants.

and suffering, mental anguish, medical expenses, disability, lost earning capacity, and lost wages. Home Depot removed the action on September 13, 2007, invoking the Court's original diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff now moves for remand, arguing that Home Depot failed to remove the case within the thirty-day removal period allowed in 28 U.S.C. § 1446(b). According to the plaintiff, the thirty days began on the May 1, 2006, when Home Depot was first served with plaintiff's petition. Home Depot responds that the removal period did begin not when it was served, because the allegations in the plaintiff's petition failed to provide notice that the amount in controversy exceeded $75,000. Home Depot claims that it did not learn the amount in controversy exceeded $75,000 until it received a doctor's report on August 14, 2007 that described McDaniel's injuries in greater detail. Therefore, Home Depot contends its September 13, 2007 removal was timely.

I.

The parties agree that the amount in controversy exceeds $75,000 and that there is diversity of citizenship. 28 U.S.C. § 1332(a). The only issue in dispute is whether Home Depot timely removed the matter to federal court.

Defendants have thirty days from receipt of the initial pleading to remove a case from state court. 28 U.S.C. § 1446(b). This general rule applies when the pleading "affirmatively reveals

on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). If the original pleading is silent regarding damages, the defendant may remove the case within thirty days of receiving notice through "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable...." § 1446(b). Defendants are not required to estimate damages on their own or remove cases automatically, gambling on whether or not the amount-in-controversy will be met so as not to forfeit their right to have a case heard by a federal court. See Chapman, 969 F.2d at 163; Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 at *2 (E.D. La. 2006).

Consistent with Louisiana law, Ms. McDaniel did not allege a specific amount of damages in her state-court petition. Nor did she allege, in accordance with Chapman, that her damages are in excess of the federal jurisdictional amount, even though Louisiana law does allow such an allegation. See La. Code Civ. Pro. 893(A)(1). The plaintiff alleged that an approximately 300-pound bundle of pallets "fell onto her left side causing injury to her left great toe, foot, ankle, knee, thigh and back." She claimed damages for pain and suffering, mental anguish, medical expenses, disability, lost earning capacity, and lost wages. These allegations in the plaintiff's petition do not affirmatively reveal on its face that

the amount in controversy exceeds $75,000. The fact setting in this case is similar to Jacob v. Greyhound Lines, Inc., 2002 WL 31375612 at *1 (E.D. La. 2002), in which the plaintiff claimed "serious and permanent injuries to his mind and body," including "injuries to his neck, back, right shoulder and left leg..." and he sought damages for past and future loss of earnings, past and future medical expenses, pain and suffering, and disability. The district court held that it was not facially apparent from the petition that the amount in controversy exceeded $75,000, and the plaintiff's broad allegations did not trigger the thirty-day removal period. Id. at *3. In Seaman v. Tetra Applied Technologies, Inc., 2000 WL 222851 at *2 (E.D. La. 2000), the plaintiff's petition for damages alleged that the plaintiff fell down a set of stairs and sustained "serious injuries to his mind and body, including, but not limited to neck and back, past and future mental and physical pain and suffering, lost wages, loss of future earning capacity, medical expenses and related expenses." The district court held that the thirty-day removal period was not triggered by the filing of the petition because these allegations "in no way indicate the severity of Plaintiff's injuries." Id.

Home Depot was not put on notice of the amount in controversy until August 14, 2007, when it received a letter from McDaniel's doctor stating that she had suffered a foot fracture, and may suffer from lumbar disk protrusion, radiculopathy, neuropathic

pain, and complex regional pain syndrome.[2] Upon receipt of this letter, Home Depot was able to assess McDaniel's damages and remove the matter to this Court.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, November 20, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT

---

[2] The plaintiff argues that Home Depot was aware that the amount in controversy exceeded $75,000 even before it received the doctor's report, and that Home Depot implicitly conceded that the thirty-day removal period had expired in a motion to transfer filed in state court. However, the record does not show that Home Depot conceded the removal period had expired. The purpose of the objective inquiry Chapman is to ensure that courts do not "expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." Chapman at 969.