```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

RITA DIANE MCDANIEL                          CIVIL ACTION

v.                                           NO. 07-5575

THE HOME DEPOT U.S.A., INC AND               SECTION "F"
ABC INSURANCE COMPANY


ORDER AND REASONS

Before the Court is the defendant's motion to dismiss. For the reasons that follow, the motion is DENIED.

Background

The plaintiff claims she was struck by a falling pallet on August 27, 2006 while working as a security guard at Home Depot in LaPlace. At the time of the accident, she was employed by Securitas Security Services, U.S.A., Inc. She then filed a workers' compensation claim against Securitas on February 16, 2006. That matter is set for trial August 20, 2008. She filed a lawsuit against Home Depot in St. Charles Parish on April 27, 2007 and served Home Depot with a petition for damages on May 1, 2007, more than one year after her injury occurred. The state court determined that St. Charles Parish was an improper venue and transferred the lawsuit to St. John the Baptist Parish. Home Depot removed the case to this Court on September 13, 2007 and now moves for dismissal

1

under Rule 12(b)(6), claiming that the plaintiff's claim is prescribed.[1]

I.

Louisiana delictual actions are subject to a one-year prescriptive period that begins to run the day the plaintiff is injured. La. C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La. C. C. art. 3462. If a lawsuit is filed in an improper venue, "prescription is interrupted only as to a defendant served by process within the prescriptive period." Id. The plaintiff concedes that she failed to serve Home Depot within the prescription period, and that prescription was not tolled by her filing the damages lawsuit in St. Charles Parish, an improper venue. When it is clear that a claim is prescribed, the plaintiff bears the burden of showing that prescription has not occurred. Lima v. Schmidt, 595 So.2d 624, 628 (La. 1992). In spite of that burden, the Louisiana Supreme Court has held that prescription statutes are to be construed in favor of permitting, rather than barring, a claim. Bustamento v. Tucker, 607 So.2d 532, 537 (La. 1992).

The plaintiff submits that the filing of her workers' compensation claim against Securitas in February 2006 interrupted the prescription period as to Home Depot, because Securitas and

---

[1] The Court previously determined that removal was proper. See Order and Reasons dated November 20, 2007.

2

Home Depot are both obligated to repair certain elements of the same damage.[2] When the basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. Younger v. Marshall Ind., Inc., 618 So.2d 866 (La. 1993).

Under Louisiana law, an employer and a third-party tortfeasor are solidary obligors to an employee who is hurt on the job. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La. 1993); see also Cormier v. Clemco Services Corp., 48 F.3d 179 (5th Cir. 1995). In Williams, the Louisiana high court reasoned that, although workers' compensation benefits are limited by law and do not require a showing of fault, an employer and tortfeasor are nevertheless "solidary to the extent they share coextensive liability to repair certain elements of the same damage," including lost wages and medical expenses. Id. at 1388. Once prescription is interrupted based on this solidarity, employees are "free to assert whatever claims they [have] against the [third-party tortfeasor]." Id. Thus, Louisiana jurisprudence instructs that when an injured employee timely files a claim against her employer for workers' compensation, prescription is interrupted with regard to the

---

[2] Louisiana Civil Code article 3462 provides: "Prescription is interrupted when. . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue." Furthermore, La. C. C. art. 1799 provides that "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors. . . ."

3

injured employee's claims against third-party tortfeasors. Segura v. Cleco Power, LLC, 900 So. 2d 897, 900 (La. App. 3rd Cir. 2005), writs denied, 918 So.2d 1051.

Home Depot nevertheless asserts that, even to the extent that an employer and a third-party tortfeasor can be considered solidary obligors under Williams, Securitas and Home Depot are not solidary obligors under the facts of this case. That is because, according to Home Depot, Securitas is liable to repair *none* of the plaintiff's alleged damage. Home Depot argues that the plaintiff foreclosed her ability to recover workers' compensation by asserting that she was injured while working outside the scope of her employment. In her petition for damages, the plaintiff alleges that she was working:

> [I]n the course and scope of her employment for [Securitas] when she was injured. It is further alleged that petitioner was ordered to do work outside the scope of her employment with [Securitas] as an armed security guard.[3]

Home Depot contends that these allegations are inconsistent with a memorandum subsequently filed in state court, in which she asserted that, "she was working outside the scope of her employment as a guard and at the direction of Home Depot when she was injured."[4]

---

[3] The plaintiff claims she was injured when a stack of pallets she was counting shifted and fell on her.

[4] The Court notes that the very next sentence states that Home Depot and Securitas are solidary obligers and that the plaintiff is, in fact, receiving workers' compensation benefits for her injuries. "Therefore," she alleges, "Securitas Security has

The Court does not agree that plaintiff's allegations necessarily defeat her workers' compensation claim.  Taken together, and read in a light favorable to the plaintiff, she does not allege that she was working outside the scope of her employment, but rather, outside the scope of her employment *as an armed security guard.* The Court has no information about the scope of her employment or whether, in some circumstances, it includes the activity she was undertaking when injured. Further, the fact that she has been receiving workers' compensation from Securitas is impressive and consistent with her claim that she was not working outside the scope of her employment.

   The Court finds that, under Louisiana law, Securitas and Home Depot are solidary obligors to the extent they share coextensive liability to repair certain intertwined elements of the plaintiff's alleged damage. The plaintiff's timely filing of the workers' compensation claim interrupted prescription against Home Depot. Accordingly,

IT IS ORDERED: Home Depot motion to dismiss is DENIED.

New Orleans, Louisiana, May 16, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT

---

acknowledged the debt as a solidary obligor."